UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

   Plaintiff,      CASE NO.: 4:09CV311

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

   Defendants.

_____/

## PLAINTIFF'S EMERGENCY MOTION FOR LIMITED EXPEDITED DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff, Community Coffee Company, LLC ("Plaintiff" or "Community") moves, under Federal Rules of Civil Procedure 26(d)(1), 34(b)(2)(A), and Local Rule 7.1, for expedited discovery and states as follows:

Defendants John Baker ("Baker") and Michael Pafford ("Pafford") are former employees of Community who signed non-compete agreements. Their employment recently terminated. On information and belief, Defendant Capital City Coffee Co., Inc. ("Capital City") is their new employer. On behalf of Capital City, Pafford and Baker are competing with Community Coffee in violation of their non-compete agreements.

Further, Baker and Pafford are soliciting business from Community's customers in the same sales territories they covered while employed by Community, which also violates the express terms of their non-compete agreements. In less than two months, Plaintiff has already lost eleven (11) customers to Capital City as a result of the unlawful conduct of the Defendants.

Plaintiff needs admissible evidence to prepare a motion for preliminary injunction. Such relevant evidence is in the possession of third parties, including Defendants. Plaintiff, therefore, seeks limited discovery in order that it can promptly prepare and file a motion for preliminary injunction. The written discovery at issue is attached to this Motion. Plaintiff respectfully requests that the Court enter an Order requiring Defendants to respond to the attached discovery within five (5) days of its entry. Additionally, Plaintiff respectfully requests leave of Court to depose the Defendants within twenty (20) days of entry of the Court's Order.

## I.    STATEMENT OF THE CASE

### A.    Background

Community is in the business of marketing, selling, and distributing coffee, tea and related products. Complaint, ¶ 7. Defendants Michael Pafford ("Pafford") and John Baker ("Baker") were formerly employed by Community in sales management positions. Id. ¶¶ 10, 12. Their territories included, among other, northwest Florida. Id. During their employment, Baker and Pafford were provided access to, and became intimately familiar with, Community's marketing plans, pricing, vendors and suppliers, and

customers. In consideration of their employment, both Pafford and Baker signed non-compete agreements, which are attached to Plaintiff's complaint. Id. ¶¶ 11, 13.

Baker's employment relationship with Plaintiff terminated on June 16, 2009. Id. ¶ 14. The day after his termination, Capital Coffee Co., Inc. ("Capital") was formed. Id. ¶ 16. Pafford's employment with Plaintiff terminated on July 7, 2007. Id. ¶ 15. Through Capital, and in violation of their non-competes, Pafford and Baker immediately began competing against Community in the same territories they covered while employed by Community. Within just weeks, Community lost eleven (11) key customers to Capital as a result of Defendants unlawful competition. Id. ¶ 18.[1]

Through correspondence, Plaintiff has made repeated demands that Defendants cease their unlawful conduct. See Composite Exhibit "A" hereto. Defendants failed to respond. Plaintiff will continue to suffer irreparable harm unless and until it obtains injunctive relief. Plaintiff intends to file a motion for preliminary injunction as soon as possible, but must first obtain evidence through legal process. The evidence of Defendants' competitive activities is in the possession of third parties, principally the Defendants themselves. Plaintiff cannot lawfully obtain this evidence without first obtaining leave of Court.

### B. Relief Requested

#### 1. Written Discovery.

Plaintiff has attached the written discovery it seeks to propound. Plaintiff has

---

[1] Since drafting the initial complaint, which identifies 7 lost customers, Plaintiff has lost an additional four customers.

prepared one set of interrogatories to each Defendant that contains eight or fewer questions per set. See Composite Exhibit "B" hereto. These questions are narrowly tailored to discover Defendants' current business activities as they relate to the marketing, selling, and distribution of coffee, tea and related products. Plaintiff has also prepared one set of document requests to each Defendant, containing eight or fewer requests per set. See Composite Exhibit "C" hereto. Defendants have been in business less than two months. Thus, the records requested should be readily available, the volume slight, and the burden small.

2.    Depositions of Baker and Pafford.

The testimony of Baker and Pafford is critical to Plaintiff's motion for preliminary injunction. Documents produced by Defendants must be explained and authenticated. Otherwise, the weight of the evidence will be diminished and certain critical documents may be declared inadmissible. Furthermore, Defendants surely will submit carefully crafted affidavits from Baker and Pafford in response to a motion for preliminary injunction. Allowing cross examination will provide the greatest opportunity for this Court to reach a decision that is fair.

II.    **LAW AND ARGUMENT**

A.    **Good Cause Exists To Expedite Discovery**.

Plaintiff seeks relief in two forms. First, Plaintiff requests permission to take discovery before the Rule 26(f) conference. Second, Plaintiff requests that the time to respond to its written discovery requests be shortened. As set forth in detail below, good cause exists to expedite discovery. Namely, Defendants are competing against Plaintiff

in breach of contractual covenants, have already diverted seven customers, and have failed to respond to Community's request that such activity cease. As such, each passing day without legal relief will cause Plaintiff irreparable harm.

On the first issue, Fed. R. Civ. P. 26(d)(1) prohibits a party from seeking discovery from any source prior to a Rule 26(f) conference unless authorized by court upon a showing of good cause. USEC, Inc. v. Everitt, 2009 WL 152479 at *2 (E.D. Tenn. Jan. 22, 2009). "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendant." Id. at *3 (citation omitted). Courts typically find good cause in cases requesting injunctive relief. Id. The advisory committee notes to Rule 26(d) also state that expedited discovery is warranted in cases "involving requests for a preliminary injunction." See Edudata Corp. v. Scientific Computers, Inc., 599 F. Supp. 1084 (D. Minn. 1984) (motion for expedited discovery granted where injunctive relief requested); Elsworth Assoc., Inc. v. United States, 917 F. Supp. 841, 844 (D.D.C. 1996) (expediting discovery by allowing depositions prior to Rule 26(f) conference).

On the second issue, Rule 34(b)(2)(A) expressly allows a court to shorten the time period in responding to written discovery. As with expediting discovery under Rule 26, Courts routinely shorten response times where claims involving injunctive relief are pending. Integra Bank, N.A. v. Pearlman, 2007 WL 419634 (M.D. Fla. Feb. 2, 2007) (court ordering discovery produced the same day of the order, only 9 days after the plaintiff informally requested the relevant documents); Everitt, 2009 WL 152479 at *4 (expediting discovery responses to be made within 5 days of court's order).

In this case, Plaintiff has presented a compelling need for expedited discovery. Plaintiff seeks injunctive relief and needs admissible evidence to support a motion for preliminary injunction. In the span of only weeks, Plaintiff has lost seven (7) key customers as a result of Defendants' unlawful competition. Plaintiff has suffered, and will continue to suffer, irreparable harm if this litigation proceeds in the normal course. On the contrary, Defendants will not be prejudiced in any way by responding to limited discovery requests and appearing for two depositions. These are actions they will have to take anyway. The equities favor granting Plaintiff's Motion.

### B. Plaintiff's Failure To Have Already Filed A Motion For Preliminary Injunction Should Not Serve As Grounds To Deny This Motion.

Under the Federal Rules of Civil Procedure, as well as the Local Rules, Plaintiff has no guaranteed right to an evidentiary hearing on a motion for preliminary injunction. This Court is authorized to decide the merits of such a motion solely on the briefs and supporting documentation. Additionally, the Local Rules do not permit reply briefs without leave of Court. Thus, a single motion for preliminary injunction and supporting memorandum may be the only source of evidence and arguments through which a party such as Plaintiff can request relief.

If this Motion is denied, Plaintiff will be left with the Hobson's choice of filing a motion for preliminary injunction on an incomplete record, or waiting months to obtain evidence in the normal course while its business is gutted. Fed. R. Civ. P. 1 provides that the Federal Rules should be construed to "secure the just, speedy, and inexpensive determination of every action and proceeding." Given the potential harm to Plaintiff if relief is not granted, expediting discovery is both fair and just.

### Rule 7.1(B) Conference

Plaintiff's attorneys certify that they have made several attempts to communicate with Defendants concerning the lawsuit. To date, Defendants have failed to respond.

### III.    CONCLUSION

For good cause shown, Plaintiff respectfully requests that the Court grant this Motion and require Defendants to answer the attached written discovery requests within five (5) days of the Court's Order. Plaintiff further requests that it be allowed to depose Defendants Baker and Pafford within twenty (20) days of the entry of the Court's Order.

Respectfully submitted this 13th day of August, 2009.


By:    /s/ René M. Fix
      René M. Fix
      Florida Bar No.: 189545
      ROGERS TOWERS, P.A.
      1301 Riverplace Boulevard, Suite 1500
      Jacksonville, Florida 32207
      (904) 398-3911 (phone)
      (904) 396-0663 (fax)
      RFix@rtlaw.com (email)

      **Attorney for Plaintiff, Community
      Coffee Company, LLC**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a paper copy served via Federal Express overnight mail on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida 32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida 32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida 32303, this 13th day of August, 2009.

      /s/ René M. Fix
      Attorney

# COMPOSITE
# EXHIBIT "A"



René M. Fix

904.346.5557
RFix@rtlaw.com

1301 Riverplace Boulevard · Suite 1500
Jacksonville, Florida 32207

904.398.3911 Main
904.396.0663 Fax
www.rtlaw.com

July 31, 2009

<u>**VIA FEDERAL EXPRESS**</u>

Mr. John Wayne Baker
5509 Green Meadows Court
Tallahassee, Florida 32303

  Re: <u>Violation of Non-Competition, Non-Interference, and Confidential Information</u>
    <u>Agreement</u>

Dear Mr. Baker:

  This law firm represents Community Coffee Co., L.L.C. ("Community") which has referred to us its claim for your breach of the Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") you entered with Community on January 20, 2009. As you know, the Agreement contains two (2) year restrictions against, among other things, competing against Community in the territories you formerly worked soliciting or accepting business from Community's customers, and soliciting Community's employees. A copy of the Agreement is enclosed.

  Through correspondence dated July 20, 2009, which is also enclosed, Community demanded that you cease and refrain from engaging in any further activity in breach of the Agreement. Community has learned that you continue to engage in activities in violation of the Agreement, including solicitation of Community customers and diversion of business to Capital City Coffee Co., Inc. ("Capital City"). Further, Community believes that your competitive activities may have been aided by use of its confidential information and trade secrets, gained through employment with Community and in direct violation of the Agreement. In addition to breach of the Agreement, any conversion and/or misappropriation of trade secrets and confidential information is a violation of the Florida Uniform Trade Secrets Act.

  Community hereby demands that (1) you strictly comply with the terms of the Agreement, and (2) before the close of business on Friday, August 7, 2009, you advise the undersigned that you have terminated your competitive business activities and have advised the clients you wrongfully solicited from Community that you can no longer service their accounts. We will require reasonable assurances through affidavits and/or other reliable sources confirming your compliance. Additionally, Community will require that you make the company whole for business losses that have resulted from your violation of the Agreement. Otherwise, Community will sue you for damages and injunctive relief for termination of your competitive business operations. Community also intends to sue any business that is aiding you or benefiting from your violation of your Agreement. We are providing a copy of this letter to Capital City for notice that your competitive activities on behalf of that entity will likely result in legal action for

Mr. John Wayne Baker
July 31, 2009
Page 2

tortious interference with contractual and business relationships.  If any of these proceedings become necessary, in addition to your liability for damages, you will be liable for Community's attorneys' fees and costs.

Finally, having received notice of a claim, Florida law requires you to preserve all relevant documents and files, including those stored electronically.  Thus, you are prohibited from destroying any records that potentially relate to the claims referenced herein, including for example, documents reflecting your sales and marketing activities, documents you took from Community, agreements with your current employer and/or business partners, correspondence and e-mails related to your business activities, promotional materials, business plans, advertisements, invoices, receivables, payment histories, and/or financial statements. Destruction of relevant records may result in severe sanctions and/or penalties.

Community is hopeful that you will elect to honor the terms of your Agreement and voluntarily resolve these claims.

Sincerely,

René M. Fix

RMF/rc2
Enclosures

cc:     Thomas Kelly



July 20, 2009

CERTIFIED MAIL # 7000 1670 0006 1706 0854

CONFIDENTIAL

Mr. John Wayne Baker
5509 Green Meadows Ct.
Tallahassee, FL 32303

Dear Mr. Baker:

It has come to our attention that you may be engaging in coffee service sales activities on behalf of a competitor of Community Coffee Company, including the direct solicitation of Community customers. We wish to remind you of your Non-Competition, Non-Interference, and Confidentiality Agreement with Community, in which you obligated yourself to refrain from engaging in competitive activities in areas in which you previously worked for Community, from soliciting or accepting business from customers of Community, and from disclosing confidential information obtained while employed by Community.

Community hereby demands that you cease, and refrain in the future, from engaging in any and all activities prohibited by your Agreement. It is our preference that you voluntarily cease from violating the commitments you made. Should you fail to do so, we will have no choice but to seek legal action.

Sincerely,

Danny Hebert
Director, Human Resources

cc: Stephen Rose, Attorney

FLORIDA (S)

## NON-COMPETITION, NON-INTERFERENCE,
## AND CONFIDENTIAL INFORMATION AGREEMENT

This Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") is made and entered into between Community Coffee Company, L.L.C., its successors, assigns, affiliate entities, and subsidiaries (collectively referred to as the "COMPANY") and **John Baker** (the "EMPLOYEE"):

The parties recognize and agree that the COMPANY has a legitimate interest in protecting its business from loss of customers and/or competitive disadvantage as a result of the activities of EMPLOYEES and former EMPLOYEES who, by virtue of their employment and expenditures by the COMPANY, will acquire knowledge of and/or relationships with the COMPANY'S customers, as well as knowledge of internal and confidential processes, procedures, strategies, and other business secrets, all developed at considerable expense over a period of time by COMPANY;

In consideration of EMPLOYEE'S employment and/or continued employment with the COMPANY, and the knowledge, experience and information to which employee will have access as a result of such employment, as well as the opportunity to develop personal relationships with the COMPANY's customers and/or employees, EMPLOYEE agrees as follows:

EMPLOYEE agree that, during EMPLOYEE'S employment and for a period of two (2) years immediately following EMPLOYEE'S termination of employment with the COMPANY, regardless of the reason for termination, EMPLOYEE will not perform same or similar services or duties as performed while employed by the COMPANY, for or on behalf of any business in competition with the Business of the COMPANY (defined below) in any geographic area or territory in which EMPLOYEE has worked or performed services during EMPLOYEE'S employment with the COMPANY, so long as the COMPANY carries on its Business therein.



Community Coffee Company, L.L.C
FL-Sales update 0705
Page 1 of 5

Employee Initials _____

EMPLOYEE agrees that, during EMPLOYEE'S employment and for a period of two (2) years immediately following EMPLOYEE'S termination of employment with COMPANY, regardless of reason of termination, EMPLOYEE will not solicit, suggest, induce, or encourage any customer of the COMPANY to cease doing business with the COMPANY and/or to do business with any competitor of the COMPANY, in any geographic area or territory in which EMPLOYEE has worked or performed services during EMPLOYEE'S employment with the COMPANY, so long as the COMPANY carries on a like Business therein.

EMPLOYEE agrees that, during EMPLOYEE'S employment and for a period of two (2) years immediately following EMPLOYEE'S termination of employment with the COMPANY, regardless of the reason of termination, EMPLOYEE will not accept, or conduct, or assist in the acceptance, or conducting of, business with any customer of the COMPANY for or on behalf of any business in competition with the Business of the COMPANY, in any geographic area or territory in which EMPLOYEE has worked or performed services customers during EMPLOYEE'S employment with the COMPANY, so long as the COMPANY carries on like business therein.

The Business engaged in by the COMPANY is acknowledged by the parties to be: processing, sales, and distributions of coffee; and, commercial coffee and beverage service (servicing and supplying of coffee brewing equipment and coffee and tea products to offices and retail businesses).

EMPLOYEE agrees that, during and subsequent to EMPLOYEE'S employment with COMPANY, EMPLOYEE will not solicit, suggest, induce, encourage, or facilitate any employee of the COMPANY from resigning his or her employment with COMPANY and/or accepting employment with another firm.

EMPLOYEE agrees that, during and subsequent to EMPLOYEE'S employment with COMPANY, EMPLOYEE will not disparage or speak negatively about the products or services of the COMPANY.

Employee Initials

EMPLOYEE agrees that during and subsequent to EMPLOYEE'S employment with COMPANY, EMPLOYEE will hold as confidential, and not disclose to other persons or use to the detriment of the COMPANY, whether directly or indirectly, any and all proprietary or confidential knowledge and information acquired in connection with EMPLOYEE'S employment, which shall include, but is not limited to, trade secrets, patents, trademarks, service marks, copyrights, work product, customer contacts, customer information, employee information, pricing and other financial information, business strategies, processes, procedures, marketing techniques, business plans, technology, inventions, patented processes, and/or other proprietary or confidential information; and that upon termination of employment, EMPLOYEE shall return to the COMPANY all files, technical data, drawings, memoranda, employee listings, customer listings, pricing and other financial information, business card files, Rolodex, activity calendars, telephone directories, expense records, notes, programs, manuals, electronic data, and other items and papers, and reproductions thereof, relating to the foregoing matters, in EMPLOYEE'S possession or under his or her control or which EMPLOYEE has caused or permitted without permission from the COMPANY to become controlled by others. All of the above-described information, documents and material, whether prepared by the EMPLOYEE or otherwise coming into EMPLOYEE'S possession, shall be the exclusive property of the COMPANY. The obligations herein are in addition to, and not in lieu of, those arising under any other agreements or applicable law.

In the event EMPLOYEE should breach any term or provision of this Agreement, and the COMPANY employs an attorney to protect its interests therein and obtains injunctive relief and/or a judgment in its favor, then the COMPANY shall be entitled to recover from EMPLOYEE reasonable attorneys' fees, costs of action, and of applicable prejudgment and post-judgment interest at the legal rate of interest.

Employee Initials

Nothing contained in this Agreement shall be construed as a contract of employment for any particular term. Nothing in this Agreement shall be construed to prohibit either EMPLOYEE or the COMPANY from terminating the employment of EMPLOYEE at any time with or without cause.

If for any reason any provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Agreement, and all such other provisions shall to the full extent consistent with law continue in full force and effect. If any such provision shall be held invalid or unenforceable in part, such invalidity or unenforceability shall in no way affect the rest of such provision, which together with all other provisions of this Agreement, shall likewise to the full extent consistent with law continue in full force and effect. If any provision of this Agreement is held to exceed the time or geographic or other scope permitted under applicable law, then if permitted by such applicable law such provision shall be, and hereby is, reformed to the maximum time or geographic or other scope permitted under such applicable law.

EMPLOYEE specifically consents to the assignment of this Agreement by Community Coffee Company, L.L.C., to any successor, purchaser, or related entity of Community Coffee Company, L.L.C.

This Agreement shall be governed by and enforced under and in accordance with the laws of the State of Florida.

Executed by the parties this _20_ day of _January_, _2009_.

COMPANY:

By: _____

COMMUNITY COFFEE COMPANY, L.L.C.

EMPLOYEE:

_____

NON-COMPETITION, NON-INTERFERENCE, AND CONFIDENTIAL INFORMATION
AGREEMENT
APPENDIX TAL
Route 853

Colquitt
Decatur
Early
Grady
Miller
Mitchell
Seminole
Thomas

Print Name: John Wayne Baker          1/20/09

Executed by Larry Savoie          Date 1/20/09

RECEIVED
MAR 19 2009

Employee Initials JB



René M. Fix

1301 Riverplace Boulevard • Suite 1500
Jacksonville, Florida 32207

904.398.3911 Main
904.396.0663 Fax
www.rtlaw.com

904.346.5557
RFix@rtlaw.com

July 31, 2009

**VIA FEDERAL EXPRESS**

Mr. Michael E. Pafford
507 East Ivan Road
Crawfordville, Florida 32327

Re:   Violation of Non-Competition, Non-Interference, and Confidential Information
Agreement

Dear Mr. Pafford:

This law firm represents Community Coffee Co., L.L.C. ("Community") which has referred to us its claim for your breach of the Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") you entered with Community on March 18, 2008. As you know, the Agreement contains two (2) year restrictions against, among other things, competing against Community in the territories you formerly worked soliciting or accepting business from Community's customers, and soliciting Community's employees. A copy of the Agreement is enclosed.

Through correspondence dated July 20, 2009, which is also enclosed, Community demanded that you cease and refrain from engaging in any further activity in breach of the Agreement. Community has learned that you continue to engage in activities in violation of the Agreement, including solicitation of Community customers and diversion of business to Capital City Coffee Co., Inc. ("Capital City"). Further, Community believes that your competitive activities may have been aided by use of its confidential information and trade secrets, gained through employment with Community and in direct violation of the Agreement. In addition to breach of the Agreement, any conversion and/or misappropriation of trade secrets and confidential information is a violation of the Florida Uniform Trade Secrets Act.

Community hereby demands that (1) you strictly comply with the terms of the Agreement, and (2) before the close of business on Friday, August 7, 2009, you advise the undersigned that you have terminated your competitive business activities and have advised the clients you wrongfully solicited from Community that you can no longer service their accounts. We will require reasonable assurances through affidavits and/or other reliable sources confirming your compliance. Additionally, Community will require that you make the company whole for business losses that have resulted from your violation of the Agreement. Otherwise, Community will sue you for damages and injunctive relief for termination of your competitive business operations. Community also intends to sue any business that is aiding you or benefiting from your violation of your Agreement. We are providing a copy of this letter to Capital City for notice that your competitive activities on behalf of that entity will likely result in legal action for

Mr. Michael E. Pafford
July 31, 2009
Page 2

tortious interference with contractual and business relationships.  If any of these proceedings become necessary, in addition to your liability for damages,  you will be liable for Community's attorneys' fees and costs.

Finally, having received notice of a claim, Florida law requires you to preserve all relevant documents and files, including those stored electronically.  Thus, you are prohibited from destroying any records that potentially relate to the claims referenced herein, including for example, documents reflecting your sales and marketing activities, documents you took from Community, agreements with your current employer and/or business partners, correspondence and e-mails related to your business activities, promotional materials, business plans, advertisements,  invoices,  receivables,  payment  histories,  and/or  financial  statements. Destruction of relevant records may result in severe sanctions and/or penalties.

Community is hopeful that you will elect to honor the terms of your Agreement and voluntarily resolve these claims.

Sincerely,

René M. Fix

RMF/rc2
Enclosures

cc:    Thomas Kelly



July 20, 2009


CERTIFIED MAIL # 7000 1670 0006 1706 0861

CONFIDENTIAL

Mr. Michael E. Pafford
507 East Ivan Road
Crawfordville, FL 32327

Dear Mr. Pafford:

It has come to our attention that you may be engaging in coffee service sales activities on
behalf of a competitor of Community Coffee Company, including the direct solicitation
of Community customers.  We wish to remind you of your Non-Competition, Non-
Interference, and Confidentiality Agreement with Community, in which you obligated
yourself to refrain from engaging in competitive activities in areas in which you
previously worked for Community, from soliciting or accepting business from customers
of Community, and from disclosing confidential information obtained while employed by
Community.

Community hereby demands that you cease, and refrain in the future, from engaging in
any and all activities prohibited by your Agreement. It is our preference that you
voluntarily cease from violating the commitments you made. Should you fail to do so, we
will have no choice but to seek legal action.

Sincerely,



Danny Hebert
Director, Human Resources

cc: Stephen Rose, Attorney

FLORIDA - (M)

## NON-COMPETITION, NON-INTERFERENCE, AND CONFIDENTIAL INFORMATION AGREEMENT

This Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") is made and entered into between Community Coffee Company, L.L.C., its successors, assigns, affiliate entities, and subsidiaries (collectively referred to as the "COMPANY") and **Michael E. Pafford** (the "EMPLOYEE"):

The parties recognize and agree that the COMPANY has a legitimate interest in protecting its business from loss of customers and/or competitive disadvantage as a result of the activities of EMPLOYEES and former EMPLOYEES who, by virtue of their employment and expenditures by the COMPANY, will acquire knowledge of and/or relationships with the COMPANY's customers, as well as knowledge of internal and confidential processes, procedures, strategies, and other business secrets, all developed at considerable expense over a period of time by COMPANY;

In consideration of EMPLOYEE's employment and/or continued employment with the COMPANY, and the knowledge, experience and information to which employee will have access as a result of such employment, as well as the opportunity to develop personal relationships with the COMPANY's customers and/or employees, EMPLOYEE agrees as follows:

EMPLOYEE agrees that, during EMPLOYEE's employment and for a period of two (2) years immediately following EMPLOYEE's termination of employment with the COMPANY, regardless of the reason for termination, EMPLOYEE will not perform same or similar services or duties as performed while employed by the COMPANY, for or on behalf of any business in competition with the Business of the COMPANY (defined below), in the Protected Area (defined below), so long as the COMPANY carries on its Business therein. EMPLOYEE agrees that, during EMPLOYEE's employment and for a period of two (2) years immediately following EMPLOYEE's

Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 1 of 4

Employee Initials

termination of employment with COMPANY, regardless of reason of termination, EMPLOYEE will not solicit, suggest, induce, or encourage any customer of the COMPANY to cease doing business with the COMPANY and/or to do business with any competitor of the COMPANY, in the Protected Area (defined below), so long as the COMPANY carries on its Business therein.

EMPLOYEE agrees that, during EMPLOYEE's employment and for a period of two (2) years immediately following EMPLOYEE's termination of employment with the COMPANY, regardless of the reason of termination, EMPLOYEE will not accept, or conduct, or assist in the acceptance, or conducting of, business with any customer of the COMPANY, for or on behalf of any business in competition with the Business of the COMPANY, in the Protected Area (defined below), so long as the COMPANY carries on its Business therein.

The Protected Area which applies to EMPLOYEE in this Agreement is any geographic area or territory wherein the COMPANY has conducted its Business during EMPLOYEE's employment with the COMPANY.

The Business engaged in by the COMPANY is acknowledged by the parties to be: processing, sales, and distributions of coffee; and, commercial coffee and beverage service (servicing and supplying of coffee brewing equipment and coffee and tea products to offices and retail businesses).

EMPLOYEE agrees that, during and subsequent to EMPLOYEE's employment with COMPANY, EMPLOYEE will not solicit, suggest, induce, encourage, or facilitate any employee of the COMPANY from resigning his or her employment with COMPANY and/or accepting employment with another firm. EMPLOYEE agrees that, during and subsequent to EMPLOYEE's employment with COMPANY, EMPLOYEE will not disparage or speak negatively about the products or services of the COMPANY.

Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 2 of 4

Employee Initials

EMPLOYEE agrees that during and subsequent to EMPLOYEE's employment with COMPANY, EMPLOYEE will hold as confidential, and not disclose to other persons or use to the detriment of the COMPANY, whether directly or indirectly, any and all proprietary or confidential knowledge and information acquired in connection with EMPLOYEE's employment, which shall include, but is not limited to, trade secrets, patents, trademarks, service marks, copyrights, work product, customer contacts, customer information, employee information, pricing and other financial information, business strategies, processes, procedures, marketing techniques, business plans, technology, inventions, patented processes, and/or other proprietary or confidential information; and that upon termination of employment, EMPLOYEE shall return to the COMPANY all files, technical data, drawings, memoranda, employee listings, customer listings, pricing and other financial information, business card files, Rolodex, activity calendars, telephone directories, expense records, notes, programs, manuals, electronic data, and other items and papers, and reproductions thereof, relating to the foregoing matters, in EMPLOYEE's possession or under his or her control or which EMPLOYEE has caused or permitted without permission from the COMPANY to become controlled by others. All of the above-described information, documents and material, whether prepared by the EMPLOYEE or otherwise coming into EMPLOYEE's possession, shall be the exclusive property of the COMPANY. The obligations herein are in addition to, and not in lieu of, those arising under any other agreements or applicable law.

In the event EMPLOYEE should breach any term or provision of this Agreement, and the COMPANY employs an attorney to protect its interests therein and obtains injunctive relief and/or a judgment in its favor, then the COMPANY shall be entitled to recover from EMPLOYEE reasonable attorneys' fees, costs of action, and of applicable prejudgment and post-judgment interest at the legal rate of interest.

Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 3 of 4


Employee Initials

Nothing contained in this Agreement shall be construed as a contract of employment for any particular term. Nothing in this Agreement shall be construed to prohibit either EMPLOYEE or the COMPANY from terminating the employment of EMPLOYEE at any time with or without cause.

If for any reason any provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Agreement, and all such other provisions shall to the full extent consistent with law continue in full force and effect. If any such provision shall be held invalid or unenforceable in part, such invalidity or unenforceability shall in no way affect the rest of such provision, which together with all other provisions of this Agreement, shall likewise to the full extent consistent with law continue in full force and effect. If any provision of this Agreement is held to exceed the time or geographic or other scope permitted under applicable law, then if permitted by such applicable law such provision shall be, and hereby is, reformed to the maximum time or geographic or other scope permitted under such applicable law.

EMPLOYEE specifically consents to the assignment of this Agreement by Community Coffee Company, L.L.C., to any successor, purchaser, or related entity of Community Coffee Company, L.L.C.

This Agreement shall be governed by and enforced under and in accordance with the laws of the State of Florida.

Executed by the parties this 18th day of March, 2008.

COMPANY
By: _____
COMMUNITY COFFEE COMPANY, L.L.C.

EMPLOYEE: _____

Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 4 of 4

Employee Initials

# COMPOSITE
# EXHIBIT "B"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

       Plaintiff,                 CASE NO.: 4: 09CV311

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

       Defendants.

_____/

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT MICHAEL PAFFORD

Plaintiff, Community Coffee Company, LLC, by and through its undersigned attorneys and pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, requests that Michael Pafford, Defendant, answer under oath and in writing, within the applicable time limits, the following interrogatories:

### INTERROGATORIES

1. State the nature of your business relationship with co-defendants John Baker and/or Capital City Coffee Co., Inc. (the "Defendants") and specify the terms of any agreements between you and Defendants.

2.    State the nature of any family or marital relationship with the Defendants.

3.    Identify all persons or entities to whom you have sold, or attempted to sell, coffee, tea or related products since leaving Plaintiff's employment and identify the products sold and corresponding amounts of sales.

4.      Identify all discussions you have had with individuals or entities you knew were former customers of Plaintiff, including without limitation, Westminster Oaks, Capital Health Plan, Tall OrthoPedic Surgery Center, Fast Lane, Kool Beans, Tallahassee Neurology Associates, Southern Vitreoretinal Associates, Carr Allision, MacTech, First American Title and/or Ole Time Café.  The time frame of this request shall be limited to the period following the termination of your employment with Plaintiff to the present.

5.      Identify all business materials you acquired during the course of your employment with Plaintiff that you still possess, or continued to possess for a period following your termination.  If you possessed certain materials at one time, but no longer possess them, please explain your answer.

6.      Identify all work involving the promotion, marketing, sale, and/or distribution of coffee, tea or related products that you have performed since leaving Plaintiff's employment and provide the locations in which you are performing such work.

7.      Identify all Community employees with whom you have had discussions or communication with regarding prospective employment and state the nature of such discussions.  The time frame of this request shall be limited to the period following the termination of your employment with Plaintiff to the present.

8.   During the course of your employment with Plaintiff, did you have discussions with any third parties about your current business venture, including without limitation, customers of Plaintiff?  If so, identify all such discussions.

Respectfully submitted this _____ day of _____, 2009.

By: _____

René M. Fix
Florida Bar No.: 189545
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (phone)
(904) 396-0663 (fax)

**Attorney for Plaintiff, Community Coffee Company, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a copy served on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida  32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida  32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida  32303, via U.S. Mail, this _____ day of_____, 2009.

_____
Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

        Plaintiff,

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

        Defendants.

CASE NO.: 4: 09CV311

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT JOHN BAKER

Plaintiff, Community Coffee Company, LLC, by and through its undersigned attorneys and pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, requests that John Baker, Defendant, answer under oath and in writing, within the applicable time limits, the following interrogatories:

### INTERROGATORIES

1.    State the nature of your business relationship with co-defendants Michael Pafford and/or Capital City Coffee Co., Inc. (the "Defendants") and specify the terms of any agreements between you and Defendants.

2.     State the nature of any family or marital relationship with the Defendants.

3.     Identify all persons or entities to whom you have sold, or attempted to sell, coffee, tea or related products since leaving Plaintiff's employment and identify the products sold and corresponding amounts of sales.

4.      Identify all discussions you have had with individuals or entities you knew were former customers of Plaintiff, including without limitation, Westminster Oaks, Capital Health Plan, Tall OrthoPedic Surgery Center, Fast Lane, Kool Beans, Tallahassee Neurology Associates, Southern Vitreoretinal Associates, Carr Allision, MacTech, First American Title and/or Ole Time Café. The time frame of this request shall be limited to the period following the termination of your employment with Plaintiff to the present.

5.      Identify all business materials you acquired during the course of your employment with Plaintiff that you still possess, or continued to possess for a period following your termination. If you possessed certain materials at one time, but no longer possess them, please explain your answer.

6.      Identify all work involving the promotion, marketing, sale, and/or distribution of coffee, tea or related products that you have performed since leaving Plaintiff's employment and provide the locations in which you are performing such work.

7.      Identify all Community employees with whom you have had discussions or communication with regarding prospective employment and state the nature of such discussions.  The time frame of this request shall be limited to the period following the termination of your employment with Plaintiff to the present.

-4-

8.     During the course of your employment with Plaintiff, did you have discussions with any third parties about your current business venture, including without limitation, customers of Plaintiff? If so, identify all such discussins.

Respectfully submitted this _____ day of _____, 2009.

By: _____
René M. Fix
Florida Bar No.: 189545
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (phone)
(904) 396-0663 (fax)

**Attorney for Plaintiff, Community Coffee Company, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a copy served on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida 32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida 32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida 32303, via U.S. Mail, this _____ day of _____2009.

_____
Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

   Plaintiff,      CASE NO.: 4:09CV311

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

   Defendants.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT CAPITAL CITY COFFEE CO., INC.

Plaintiff, Community Coffee Company, LLC, by and through its undersigned attorneys and pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, requests that Capital City Coffee Co., Inc. ("Capital City"), Defendant, answer under oath and in writing, within the applicable time limits, the following interrogatories:

### INTERROGATORIES

1. Explain the terms and conditions of your business relationships with co-defendants John Baker ("Baker") and Michael Pafford ("Pafford") and identify all agreements between Capital City and Baker and/or Pafford.

2.      Set forth the nature of any family or marital relationships between the principals of Capital City and the Defendants.

3.      Explain the nature of the work performed by Baker and Pafford on behalf of Capital City and identify the locations in which such work is performed.  For example, if co-Defendants are responsible for generating sales or managing a sales territory, describe these responsibilities and identify the relevant territory.

4.    Identify all business-related discussions you and/or your agents (including Baker and/or Pafford) have had with individuals or entities you knew or had reason to believe were current or former customers of Plaintiff, including without limitation, Westminster Oaks, Capital Health Plan, Tall OrthoPedic Surgery Center, Fast Lane, Kool Beans, Tallahassee Neurology Associates, Southern Vitreoretinal Associates, Carr Allision, MacTech, First American Title and/or Ole Time Café.

5.    Identify all of your employees and independent contractors with whom you have done business with since the formation of Capital City.

6.     With respect to the entities referenced in Interrogatory No. 4, identify the nature and amount of business you have conducted with these entities, including for example, the identity of products sold, amounts sold, revenues generated, dates of sale, and agreements to provide future products and/or services.

Respectfully submitted this _____ day of _____, 2009.

By: _____
René M. Fix
Florida Bar No.: 189545
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (phone)
(904) 396-0663 (fax)

**Attorney for Plaintiff, Community Coffee Company, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a copy served on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida 32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida 32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida 32303, via U.S. Mail, this _____ day of _____, 2009.

_____
Attorney

# COMPOSITE
# EXHIBIT "C"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

      Plaintiff,               CASE NO.:  4:09CV311

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO JOHN BAKER

Plaintiff, Community Coffee Company, LLC, by and through its undersigned attorneys and pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, requests that Defendant, John Baker, produce for inspection and copying the documents hereinafter described.

### I.      PLACE OF PRODUCTION

You are requested to produce the documents described herein at the offices of Rogers Towers, P.A., 1301 Riverplace Boulevard, Suite 1500, Jacksonville, Florida 32207, on or before five (5) days from the date hereof.  In the alternative, you may

respond to this request by providing true and correct copies of the documents requested herein.

## II.    DOCUMENT REQUESTS

1.    All documents which relate in any way to the nature and scope of work you perform for Capital City Coffee Co., Inc., including for example, agreements, contracts, e-mails, letters, and/or other communications wherein the nature and terms of your relationship with Capital City Coffee Co., Inc. are discussed.

2.    All documents you have provided to clients or prospective clients for the purpose of selling coffee, tea or related products and/or services since leaving Plaintiff's employment, including without limitation, marketing and promotional materials, offers, and/or business cards.

3.    All documents containing discussions between you and any other Defendant in which the subject of discussion involves the coffee or tea business, including without limitation, e-mails, texts, letters, memos, and/or proposals.

4.    All business documents you acquired or generated during your employment with Plaintiff that you still possess, including without limitation, customer lists, pricing information, vendor and supplier information, and/or other documents used in connection with your employment, including any documents stored on your home computer and/or in your personal e-mail account(s).

5.    All documents showing clients with which you have conducted or attempted to conduct business since leaving Plaintiff's employment, including without

limitation, offers, invoices, receipts, bills, accounts receivable, notes, calendars, appointments, and/or call sheets.

6.    All documents relating to any discussions between you and any suppliers or potential suppliers of coffee, tea or related products.

7.    All documents reviewed by you or identified in your answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted this _____ day of _____, 2009.

By: _____

René M. Fix
Florida Bar No.: 189545
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (phone)
(904) 396-0663 (fax)

**Attorney for Plaintiff, Community Coffee Company, LLC**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a copy served on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida 32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida 32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida 32303, via U.S. Mail, this _____ day of _____, 2009.

_____
Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

       Plaintiff,                        CASE NO.: 4:09CV311

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

       Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO MICHAEL PAFFORD

Plaintiff, Community Coffee Company, LLC, by and through its undersigned attorneys and pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, requests that Defendant, Michael Pafford, produce for inspection and copying the documents hereinafter described.

### I.      PLACE OF PRODUCTION

You are requested to produce the documents described herein at the offices of Rogers Towers, P.A., 1301 Riverplace Boulevard, Suite 1500, Jacksonville, Florida 32207, on or before five (5) days from the date hereof. In the alternative, you may

respond to this request by providing true and correct copies of the documents requested herein.

## II.    DOCUMENT REQUESTS

1.    All documents which relate in any way to the nature and scope of work you perform for Capital City Coffee Co., Inc., including for example, agreements, contracts, e-mails, letters, and/or other communications wherein the nature and terms of your relationship with Capital City Coffee Co., Inc. are discussed.

2.    All documents you have provided to clients or prospective clients for the purpose of selling coffee, tea or related products and/or services since leaving Plaintiff's employment, including without limitation, marketing and promotional materials, offers, and/or business cards.

3.    All documents containing discussions between you and any other Defendant in which the subject of discussion involves the coffee or tea business, including without limitation, e-mails, texts, letters, memos, and/or proposals.

4.    All business documents you acquired or generated during your employment with Plaintiff that you still possess, including without limitation, customer lists, pricing information, vendor and supplier information, and/or other documents used in connection with your employment, including any documents stored on your home computer and/or in your personal e-mail account(s).

5.    All documents showing clients with which you have conducted or attempted to conduct business since leaving Plaintiff's employment, including without

limitation, offers, invoices, receipts, bills, accounts receivable, notes, calendars, appointments, and/or call sheets.

6. All documents relating to any discussions between you and any suppliers or potential suppliers of coffee, tea or related products.

7. All documents reviewed by you or identified in your answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted this _____ day of _____, 2009.

By: _____
    René M. Fix
    Florida Bar No.: 189545
    ROGERS TOWERS, P.A.
    1301 Riverplace Boulevard, Suite 1500
    Jacksonville, Florida 32207
    (904) 398-3911 (phone)
    (904) 396-0663 (fax)

    **Attorney for Plaintiff, Community Coffee Company, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a copy served on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida 32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida 32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida 32303, via U.S. Mail, this _____ day of _____, 2009.

_____
    Attorney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

      Plaintiff,

                          CASE NO.: 4: 09CV311

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO CAPITAL CITY COFFEE CO., INC.

Plaintiff, Community Coffee Company, LLC, by and through its undersigned attorneys and pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, requests that Defendant, Capital City Coffee Co., Inc. produce for inspection and copying the documents hereinafter described.

### I.     PLACE OF PRODUCTION

You are requested to produce the documents described herein at the offices of Rogers Towers, P.A., 1301 Riverplace Boulevard, Suite 1500, Jacksonville, Florida 32207, on or before five (5) days from the date hereof. In the alternative, you may

respond to this request by providing true and correct copies of the documents requested herein.

## II.   DOCUMENT REQUESTS

1.     All documents that relate in any manner to any business or employment relationship between Capital City Coffee Co., Inc. ("Capital") and either of Michael Pafford ("Pafford") or John Baker ("Baker"), including without limitation, e-mails, letters, contracts, agreements, notes, job descriptions, sales territories descriptions, and/or memorandums.

2.     All documents reflecting sales or attempted sales that either Pafford or Baker have made on behalf of Capital, including without limitation, invoices, contracts, receipts, receivables, marketing materials, payment histories, call sheets, memorandums, appointment books, calendars, logs, commission statements, and/or work orders.

3.     All documents referencing any of the following entities:   Westminster Oaks, Capital Health Plan, Tall OrthoPedic Surgery Center, Fast Lane, Kool Beans, Tallahassee Neurology Associates, Southern Vitreoretinal Association, Carr Allision, MacTech, First American Title, and/or Ole Time Café including without limitation, contracts, invoices, receipts, receivables, marketing materials, payment histories, call sheets, memos, appointment calendars, and/or work orders.

4.     All documents provided to you by Pafford or Baker.

5.     All documents indicating any wages, commissions or other payments made to Pafford or Baker.

6.     All documents indicating ownership interest in Capital City.

7.      All documents containing discussions between you and any suppliers or potential supplies of coffee, tea or related products.

8.      All documents reviewed by you or identified in your answers to Plaintiff's First Set of Interrogatories.


Respectfully submitted this _____ day of _____, 2009.


By: _____

René M. Fix
Florida Bar No.: 189545
ROGERS TOWERS, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911 (phone)
(904) 396-0663 (fax)

**Attorney for Plaintiff, Community
Coffee Company, LLC**


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed electronically with the Court with a copy served on John Wayne Baker, 5509 Green Meadows Court, Tallahassee, Florida  32303; Michael E. Pafford, 507 East Ivan Road, Crawfordville, Florida  32327; and Capital City Coffee Co., Inc., 5147-A Woodlane Circle, Tallahassee, Florida  32303,  via U.S. Mail, this _____ day of_____, 2009.

_____
Attorney