UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

COMMUNITY COFFEE COMPANY, LLC,
a Louisiana limited liability company,

       Plaintiff,

v.

JOHN BAKER, an individual, MICHAEL
PAFFORD, an individual and CAPITAL
CITY COFFEE CO., INC., a Florida
corporation

       Defendants.

_____/

CASE NO.: 4:09cv311-RH/WCS

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Community Coffee Company, Inc. ("Plaintiff" or "Community"), through its undersigned attorneys, sues Defendants John Baker ("Baker"), Michael Pafford ("Pafford"), and Capital City Coffee Co., Inc. ("Capital City") (collectively "Defendants"), and states as follows:

### Parties, Jurisdiction and Venue

1.    Community is a limited liability company organized and existing under the laws of Louisiana. Community's principal place of business is located in Louisiana.

2.    Baker is a citizen and resident of Florida who resides within the jurisdictional boundaries of this Court.

3.    Pafford is a citizen and resident of Florida who resides within the jurisdictional boundaries of this Court.

4.    Capital City is a Florida corporation with its principal place of business located within the jurisdictional boundaries of this Court, specifically, 5147-A Woodlawn Circle, Tallahassee, Florida 32303.

5.    This Court has jurisdiction over the parties and subject matter of this action pursuant to 28 U.S.C. § 1332.  The matter in controversy exceeds $75,000, exclusive of interest and costs, and this action is between citizens of different states.

6.    Venue is proper under 28 U.S.C. § 1391(a), as the lawsuit is being filed in the judicial district in which the Defendants reside.

**General Allegations**

7.    Community is engaged in the business of importing, roasting, and distributing premium quality coffee throughout the southeastern United States, including Florida.  Community has a network of sales agents and/or distributors who promote, market, deliver, and sell coffee, tea and related products to offices, food service operations, convenience stores, grocers, and other businesses.

8.    Community has expended substantial time, money, and effort in developing its products, services, professional reputation, goodwill, and business networks.  In doing so, Community has developed trade secrets and valuable confidential business information, including without limitation, customer lists, pricing data, marketing

strategies, vendor and supplier data, purchasing histories, consumer data, and overall product expertise. This information is not publicly available or known. Community takes reasonable precautions to maintain the confidentiality of such information.

9.     Community also has substantial relationships with specific existing and prospective customers throughout the territories it covers, including the Florida territories relevant to this lawsuit.

10.     Prior to June 16, 2009, Baker was employed by Community as a sales manager. Baker engaged in sales and directed Community's sales force in Tallahassee and the surrounding geographic markets. During the course of his employment, Baker had access to and utilized Community's confidential and proprietary information. Baker also had direct contact with Community's customers. Baker's exposure to Community's clients and confidential business information provided him a competitive advantage in the marketplace.

11.     In consideration of his continued employment with Community, on January 20, 2009, Baker signed a Non-Competition, Non-Interference, and Confidential Information Agreement ("Baker Agreement") wherein he agreed to certain post-termination restrictions. See Baker Agreement, Exhibit "A" hereto. For example, the Baker Agreement contains two (2) year restrictions against (1) competing against Community in the same territory he covered while employed by Community; and (2) soliciting or accepting business from any customers residing within the territory Baker covered. The Baker Agreement also prohibits Baker from interfering with the relationship between Community and its employees. Id. Finally, the Baker Agreement

prohibits the use and/or disclosure of Community's confidential and proprietary information. Id.

12.     Prior to July 7, 2009, Pafford was employed by Community as a sales manager. Pafford engaged in sales and/or directed Community's sales force in Tallahassee and the surrounding geographic markets. During the course of his employment, Baker had access to, and utilized, Community's confidential and proprietary information. Baker also had direct contact with Communities customers. Pafford's exposure to Community's clients and confidential business information provided him a competitive advantage in the marketplace.

13.     In consideration of his continued employment with Community, on March 18, 2008, Pafford signed a Non-Competition, Non-Interference, and Confidential Information Agreement ("Pafford Agreement") wherein he agreed to certain post-termination restrictions. See Pafford Agreement, Exhibit "B" hereto. For example, the Pafford Agreement contains two (2) year restrictions against (1) competing against Community in the same territory he covered while employed by Community; and (2) soliciting or accepting business from any customers residing within the territory Baker covered. The Pafford Agreement also prohibits Pafford from interfering with the relationship between Community and its employees. Id. Finally, the Pafford Agreement prohibits the use and/or disclosure of Community's confidential and/or proprietary information. Id.

14.    Baker's employment with Community terminated on or about June 16, 2009.  Upon information and belief, Baker misappropriated confidential information, including trade secrets, for the purpose of competing against Community.

15.    Upon information and belief, following the termination of his employment, Baker solicited Pafford to terminate his relationship with Community in violation of the restrictions set forth in the Baker Agreement.

16.    Pafford's employment with Community terminated on or about July 7, 2009.  Upon information and belief, Pafford misappropriated confidential information, including trade secrets, for the purpose of competing against Community.

17.    Capital City was formed as a Florida corporation on or about June 17, 2009 for the purpose of conducting business virtually identical to that of Community. Capital City is a direct competitor of Community in the same markets and geographic territories that Pafford and/or Baker worked on behalf of Community.

18.    Pafford and Baker are currently employed by and/or otherwise affiliated with Capital City.  Through their affiliation, Pafford and Baker are actively competing against Community in violation of their agreements.  Upon information and belief, Defendants are soliciting Community's employees and are using their knowledge of Community's trade secrets and/or valuable confidential information in soliciting Community's customers.

19.    Since Capital City was formed and Defendants began their competitive enterprise in the same market area, Community has lost seven (7) customers, including Westminster Oaks, Capital Health Plan, Tall OrthoPedic Surgery Center, Fast Lane, Cool

Beans, Tallahassee Neurology Associates, and Southern Vitreoretinal Association ("Lost Customers").

20.     Community's employees have learned, based upon statements made by certain of the Lost Customers as well as their own independent observations, that the Lost Customers are now doing business with Capital City. Several Lost Customers specifically advised Community's employees that Pafford and/or Baker were the individuals who solicited their business away from Community and ultimately obtained their business for the benefit of Capital City.

21.     Despite amicable demand, Pafford and Baker continue to violate their contractual restrictions and are actively competing against Community within the prohibited territories. Defendants' knowledge of and exposure to Community's confidential information and customers provides them with a competitive advantage they would not otherwise have.

22.     Community has provided copies of the Pafford Agreement and Baker Agreement to Capital City. Nevertheless, Capital City continues to employ Pafford and Baker in positions that Capital City knows, or reasonably should know, will cause them to continue violating their non-compete agreements.

23.     As a result of both the individual and collective actions of Defendants, Community has lost business, customers, goodwill, valuable confidential information, and will continue to suffer irreparable harm unless the applicable restrictions are enforced against Defendants.

24.     All conditions precedent to bringing this action have been satisfied.

## COUNT I - BREACH OF CONTRACT AGAINST BAKER

25.     Community restates the allegations set forth in paragraphs 1-24 above.

26.     Baker's conduct in competing with Community and soliciting its employees and customers constitutes a breach of the Baker Agreement and the contractual obligations to Community contained therein.

27.     Community has satisfied all of its contractual obligations to Baker.

28.     As a direct and proximate result of Baker's actions, Community has suffered damages, including lost profits, a loss of goodwill, loss of valuable confidential information, irreparable harm, and other damages ancillary to the aforementioned breaches.

29.     Community has retained attorneys for the purpose of enforcing its contractual rights.  Pursuant to both Baker's Agreement and Fla. Stat. § 542.335(1)(k), Community is entitled to recover its reasonable attorneys' fees and costs associated with this litigation.

## COUNT II - BREACH OF CONTRACT AGAINST PAFFORD

30.     Community restates the allegations set forth in paragraphs 1-24 above.

31.     Pafford's conduct constitutes a breach of his contractual obligations to Community.

32.     Community has satisfied all of its contractual obligations to Pafford.

33.     As a direct and proximate result of Pafford's actions, Community has suffered damages, including lost profits, a loss of goodwill, loss of valuable confidential

information, irreparable harm, and other damages ancillary to the aforementioned breaches.

34.    Community has retained attorneys for the purpose of enforcing its contractual rights. Pursuant to both Pafford's Agreement and Fla. Stat. § 542.335(1)(k), Community is entitled to recover its reasonable attorneys' fees and costs associated with this litigation.

## COUNT III - TORTIOUS INTERFERENCE AGAINST ALL DEFENDANTS

35.    Community restates the allegations set forth in paragraphs 1-24 above.

36.    Capital City had knowledge of the Baker Agreement and Pafford Agreement. Nevertheless, Capital City employed Baker and/or Pafford in capacities that would cause them to violate their restrictive covenants.

37.    Baker and Pafford had knowledge of each other's restrictive covenants. Nevertheless, upon information and belief, Baker and Pafford are engaging in a joint business venture through which they are assisting each other in the continued breach of their contractual obligations to Community.

38.    Community has had substantial relationships with specific existing and prospective customers. Community had a reasonable and lawful expectation that these business relationships would continue into the future.

39.    Defendants have unlawfully, and without justification, maliciously interfered with Community's business and contractual relationships.

40.     As a direct and proximate result of Defendants' actions, Community has suffered lost business and profits, a loss of goodwill, irreparable harm, and other damages ancillary to the aforementioned interference.

41.     The intentional acts of Defendants were wanton, reckless, and in complete disregard for the rights of Community.

**COUNT IV - INJUNCTIVE RELIEF AGAINST ALL DEFENDANTS**

42.     Community restates the allegations set forth in paragraphs 1-24 above.

43.     Baker agreed to certain post-termination restrictions that prohibited him from, among other things, competing against Community in his sales territory, interfering with the relationship between Community and its employees, soliciting and/or accepting business from Community's customers, and keeping or using Community's confidential information.

44.     Pafford agreed to certain post-termination restrictions that prohibited him from, among other things, competing against Community in his sales territory, interfering with the relationship between Community and its employees, soliciting and/or accepting business from Community's customers, and keeping or using Community's confidential information.

45.     Community has a legitimate business interest in support of the restrictive covenants applicable to Baker and Pafford, including without limitation, trade secrets and valuable confidential business information, substantial relationships with specific existing and prospective customers, and the goodwill of its business.

46.    Capital City is aware of the contractual restrictions against Baker and Pafford, but despite its knowledge, continues to aid and assist Baker and Pafford in the violation of their agreements.

47.    Baker and Pafford are aware of each other's contractual restrictions, but despite their knowledge, continue to aid and assist each other in the violation of their agreements.

48.    Community has suffered damage, and will continue to suffer damage, if Defendants are allowed to continue engaging in unfair competition by violating and/or assisting in the violation of the applicable restrictive covenants.

49.    As a result of Defendants' unlawful conduct, Community has suffered irreparable harm and has no adequate remedy at law.

50.    Accordingly, Community is entitled to an injunction enforcing the restrictive covenants against Pafford and Baker, as well as those acting in concert with them, including Capital City.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Community Coffee Co., Inc. respectfully requests that the Court grant the following relief:

(1)    That Plaintiff be awarded money damages in excess of $75,000 plus interest and costs, the precise amount to be determined at trial, as a proximate result of the wrongful actions of Defendants;

(2)    That Defendants Baker and Pafford be enjoined, temporarily while this action is pending and permanently thereafter, from continuing to violate the contractual restrictions set forth in their agreements;

(3)     That the time periods referenced in the contractual restrictions be tolled during the periods in which Baker and Pafford violated the relevant terms;

(4)     That Defendant Capital Coffee be enjoined from aiding and assisting Baker and Pafford in the continued violation of their agreements;

(5)     That Plaintiff be awarded its reasonable attorneys' fees and costs as permitted by contract as well as Fla. Stat. § 542.335(1)(k); and

(6)     such other and further relief as the Court deems just and proper.


### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable as a matter of right.

Respectfully submitted this _12th_ day of August, 2009.

By: _____
René M. Fix
Florida Bar No.: 189545
ROGERS TOWERS, P.A.
1301 Riverplace Blvd, Suite 1500
Jacksonville, Florida 32207
RFix@rtlaw.com
(904) 398-3911 (phone)
(904) 396-0663 (fax)


**Attorney for Plaintiff, Community Coffee Company, LLC**



ROGERS | TOWERS

ATTORNEYS AT LAW

René M. Fix

904 . 346 . 5557
RFix@rtlaw.com

1301 Riverplace Boulevard • Suite 1500
Jacksonville, Florida 32207

904 . 398 . 3911 Main
904 . 396 . 0663 Fax
www.rtlaw.com

July 31, 2009

**VIA FEDERAL EXPRESS**

Mr. John Wayne Baker
5509 Green Meadows Court
Tallahassee, Florida 32303

Re:    Violation of Non-Competition, Non-Interference, and Confidential Information
       Agreement

Dear Mr. Baker:

This law firm represents Community Coffee Co., L.L.C. ("Community") which has referred to us its claim for your breach of the Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") you entered with Community on January 20, 2009. As you know, the Agreement contains two (2) year restrictions against, among other things, competing against Community in the territories you formerly worked soliciting or accepting business from Community's customers, and soliciting Community's employees. A copy of the Agreement is enclosed.

Through correspondence dated July 20, 2009, which is also enclosed, Community demanded that you cease and refrain from engaging in any further activity in breach of the Agreement. Community has learned that you continue to engage in activities in violation of the Agreement, including solicitation of Community customers and diversion of business to Capital City Coffee Co., Inc. ("Capital City"). Further, Community believes that your competitive activities may have been aided by use of its confidential information and trade secrets, gained through employment with Community and in direct violation of the Agreement. In addition to breach of the Agreement, any conversion and/or misappropriation of trade secrets and confidential information is a violation of the Florida Uniform Trade Secrets Act.

Community hereby demands that (1) you strictly comply with the terms of the Agreement, and (2) before the close of business on Friday, August 7, 2009, you advise the undersigned that you have terminated your competitive business activities and have advised the clients you wrongfully solicited from Community that you can no longer service their accounts. We will require reasonable assurances through affidavits and/or other reliable sources confirming your compliance. Additionally, Community will require that you make the company whole for business losses that have resulted from your violation of the Agreement. Otherwise, Community will sue you for damages and injunctive relief for termination of your competitive business operations. Community also intends to sue any business that is aiding you or benefiting from your violation of your Agreement. We are providing a copy of this letter to Capital City for notice that your competitive activities on behalf of that entity will likely result in legal action for

EXHIBIT
A

Mr. John Wayne Baker
July 31, 2009
Page 2

tortious interference with contractual and business relationships. If any of these proceedings become necessary, in addition to your liability for damages, you will be liable for Community's attorneys' fees and costs.

Finally, having received notice of a claim, Florida law requires you to preserve all relevant documents and files, including those stored electronically. Thus, you are prohibited from destroying any records that potentially relate to the claims referenced herein, including for example, documents reflecting your sales and marketing activities, documents you took from Community, agreements with your current employer and/or business partners, correspondence and e-mails related to your business activities, promotional materials, business plans, advertisements, invoices, receivables, payment histories, and/or financial statements. Destruction of relevant records may result in severe sanctions and/or penalties.

Community is hopeful that you will elect to honor the terms of your Agreement and voluntarily resolve these claims.

Sincerely,

René M. Fix

RMF/rc2
Enclosures

cc:     Thomas Kelly



July 20, 2009

CERTIFIED MAIL # 7000 1670 0006 1706 0854

CONFIDENTIAL

Mr. John Wayne Baker
5509 Green Meadows Ct.
Tallahassee, FL 32303

Dear Mr. Baker:

It has come to our attention that you may be engaging in coffee service sales activities on
behalf of a competitor of Community Coffee Company, including the direct solicitation
of Community customers. We wish to remind you of your Non-Competition, Non-
Interference, and Confidentiality Agreement with Community, in which you obligated
yourself to refrain from engaging in competitive activities in areas in which you
previously worked for Community, from soliciting or accepting business from customers
of Community, and from disclosing confidential information obtained while employed by
Community.

Community hereby demands that you cease, and refrain in the future, from engaging in
any and all activities prohibited by your Agreement. It is our preference that you
voluntarily cease from violating the commitments you made. Should you fail to do so, we
will have no choice but to seek legal action.

Sincerely,


Danny Hebert
Director, Human Resources

cc: Stephen Rose, Attorney

FLORIDA (S)

## NON-COMPETITION, NON-INTERFERENCE,
## AND CONFIDENTIAL INFORMATION AGREEMENT

This Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") is made and entered into between Community Coffee Company, L.L.C., its successors, assigns, affiliate entities, and subsidiaries (collectively referred to as the "COMPANY") and <u>John Baker</u> (the "EMPLOYEE"):

The parties recognize and agree that the COMPANY has a legitimate interest in protecting its business from loss of customers and/or competitive disadvantage as a result of the activities of EMPLOYEES and former EMPLOYEES who, by virtue of their employment and expenditures by the COMPANY, will acquire knowledge of and/or relationships with the COMPANY'S customers, as well as knowledge of internal and confidential processes, procedures, strategies, and other business secrets, all developed at considerable expense over a period of time by COMPANY;

In consideration of EMPLOYEE'S employment and/or continued employment with the COMPANY, and the knowledge, experience and information to which employee will have access as a result of such employment, as well as the opportunity to develop personal relationships with the COMPANY's customers and/or employees, EMPLOYEE agrees as follows:

EMPLOYEE agree that, during EMPLOYEE'S employment and for a period of two (2) years immediately following EMPLOYEE'S termination of employment with the COMPANY, regardless of the reason for termination, EMPLOYEE will not perform same or similar services or duties as performed while employed by the COMPANY, for or on behalf of any business in competition with the Business of the COMPANY (defined below) in any geographic area or territory in which EMPLOYEE has worked or performed services during EMPLOYEE'S employment with the COMPANY, so long as the COMPANY carries on its Business therein.



Community Coffee Company, L.L.C
FL-Sales update 0705
Page 1 of 5

Employee Initials _JDB_

EMPLOYEE agrees that, during EMPLOYEE'S employment and for a period of two (2) years immediately following EMPLOYEE'S termination of employment with COMPANY, regardless of reason of termination, EMPLOYEE will not solicit, suggest, induce, or encourage any customer of the COMPANY to cease doing business with the COMPANY and/or to do business with any competitor of the COMPANY, in any geographic area or territory in which EMPLOYEE has worked or performed services during EMPLOYEE'S employment with the COMPANY, so long as the COMPANY carries on a like Business therein.

EMPLOYEE agrees that, during EMPLOYEE'S employment and for a period of two (2) years immediately following EMPLOYEE'S termination of employment with the COMPANY, regardless of the reason of termination, EMPLOYEE will not accept, or conduct, or assist in the acceptance, or conducting of, business with any customer of the COMPANY for or on behalf of any business in competition with the Business of the COMPANY, in any geographic area or territory in which EMPLOYEE has worked or performed services customers during EMPLOYEE'S employment with the COMPANY, so long as the COMPANY carries on like business therein.

The Business engaged in by the COMPANY is acknowledged by the parties to be: processing, sales, and distributions of coffee; and, commercial coffee and beverage service (servicing and supplying of coffee brewing equipment and coffee and tea products to offices and retail businesses).

EMPLOYEE agrees that, during and subsequent to EMPLOYEE'S employment with COMPANY, EMPLOYEE will not solicit, suggest, induce, encourage, or facilitate any employee of the COMPANY from resigning his or her employment with COMPANY and/or accepting employment with another firm.

EMPLOYEE agrees that, during and subsequent to EMPLOYEE'S employment with COMPANY, EMPLOYEE will not disparage or speak negatively about the products or services of the COMPANY.

Community Coffee Company, L.L.C
FL-Sales update 0705
Page 2 of 5

Employee Initials

EMPLOYEE agrees that during and subsequent to EMPLOYEE'S employment with COMPANY, EMPLOYEE will hold as confidential, and not disclose to other persons or use to the detriment of the COMPANY, whether directly or indirectly, any and all proprietary or confidential knowledge and information acquired in connection with EMPLOYEE'S employment, which shall include, but is not limited to, trade secrets, patents, trademarks, service marks, copyrights, work product, customer contacts, customer information, employee information, pricing and other financial information, business strategies, processes, procedures, marketing techniques, business plans, technology, inventions, patented processes, and/or other proprietary or confidential information; and that upon termination of employment, EMPLOYEE shall return to the COMPANY all files, technical data, drawings, memoranda, employee listings, customer listings, pricing and other financial information, business card files, Rolodex, activity calendars, telephone directories, expense records, notes, programs, manuals, electronic data, and other items and papers, and reproductions thereof, relating to the foregoing matters, in EMPLOYEE'S possession or under his or her control or which EMPLOYEE has caused or permitted without permission from the COMPANY to become controlled by others. All of the above-described information, documents and material, whether prepared by the EMPLOYEE or otherwise coming into EMPLOYEE'S possession, shall be the exclusive property of the COMPANY. The obligations herein are in addition to, and not in lieu of, those arising under any other agreements or applicable law.

In the event EMPLOYEE should breach any term or provision of this Agreement, and the COMPANY employs an attorney to protect its interests therein and obtains injunctive relief and/or a judgment in its favor, then the COMPANY shall be entitled to recover from EMPLOYEE reasonable attorneys' fees, costs of action, and of applicable prejudgment and post-judgment interest at the legal rate of interest.

Community Coffee Company, L.L.C.
FL-Sales update 0705
Page 3 of 5

Employee Initials

Nothing contained in this Agreement shall be construed as a contract of employment for any particular term. Nothing in this Agreement shall be construed to prohibit either EMPLOYEE or the COMPANY from terminating the employment of EMPLOYEE at any time with or without cause.

If for any reason any provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Agreement, and all such other provisions shall to the full extent consistent with law continue in full force and effect. If any such provision shall be held invalid or unenforceable in part, such invalidity or unenforceability shall in no way affect the rest of such provision, which together with all other provisions of this Agreement, shall likewise to the full extent consistent with law continue in full force and effect. If any provision of this Agreement is held to exceed the time or geographic or other scope permitted under applicable law, then if permitted by such applicable law such provision shall be, and hereby is, reformed to the maximum time or geographic or other scope permitted under such applicable law.

EMPLOYEE specifically consents to the assignment of this Agreement by Community Coffee Company, L.L.C., to any successor, purchaser, or related entity of Community Coffee Company, L.L.C.

This Agreement shall be governed by and enforced under and in accordance with the laws of the State of Florida.

Executed by the parties this _20_ day of _January_, _2009_.

COMPANY:

By: _____
COMMUNITY COFFEE COMPANY, L.L.C.

EMPLOYEE:

_____

NON-COMPETITION, NON-INTERFERENCE, AND CONFIDENTIAL INFORMATION
AGREEMENT
APPENDIX TAL
Route 853

Colquitt
Decatur
Early
Grady
Miller
Mitchell
Seminole
Thomas

Print Name: *John Wayne Baker*                1/20/09

Executed by *Larry Savoie*          Date *1/20/09*

RECEIVED
MAR 19 2009

Community Coffee Company, L.L.C
FL-Sales update 0705
Page 5 of 5

Employee Initials

**ROGERS | TOWERS**

ATTORNEYS AT LAW

René M. Fix

904 . 346 . 5557
RFix@rtlaw.com

1301 Riverplace Boulevard • Suite 1500
Jacksonville, Florida 32207

904 . 398 . 3911 Main
904 . 396 . 0663 Fax
www.rtlaw.com

July 31, 2009

**VIA FEDERAL EXPRESS**

Mr. Michael E. Pafford
507 East Ivan Road
Crawfordville, Florida 32327

Re:     Violation of Non-Competition, Non-Interference, and Confidential Information
Agreement

Dear Mr. Pafford:

This law firm represents Community Coffee Co., L.L.C. ("Community") which has referred to us its claim for your breach of the Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") you entered with Community on March 18, 2008. As you know, the Agreement contains two (2) year restrictions against, among other things, competing against Community in the territories you formerly worked soliciting or accepting business from Community's customers, and soliciting Community's employees. A copy of the Agreement is enclosed.

Through correspondence dated July 20, 2009, which is also enclosed, Community demanded that you cease and refrain from engaging in any further activity in breach of the Agreement. Community has learned that you continue to engage in activities in violation of the Agreement, including solicitation of Community customers and diversion of business to Capital City Coffee Co., Inc. ("Capital City"). Further, Community believes that your competitive activities may have been aided by use of its confidential information and trade secrets, gained through employment with Community and in direct violation of the Agreement. In addition to breach of the Agreement, any conversion and/or misappropriation of trade secrets and confidential information is a violation of the Florida Uniform Trade Secrets Act.

Community hereby demands that (1) you strictly comply with the terms of the Agreement, and (2) before the close of business on Friday, August 7, 2009, you advise the undersigned that you have terminated your competitive business activities and have advised the clients you wrongfully solicited from Community that you can no longer service their accounts. We will require reasonable assurances through affidavits and/or other reliable sources confirming your compliance. Additionally, Community will require that you make the company whole for business losses that have resulted from your violation of the Agreement. Otherwise, Community will sue you for damages and injunctive relief for termination of your competitive business operations. Community also intends to sue any business that is aiding you or benefiting from your violation of your Agreement. We are providing a copy of this letter to Capital City for notice that your competitive activities on behalf of that entity will likely result in legal action for

PENGAD-Bayonne, N. J.

**EXHIBIT**

B

Mr. Michael E. Pafford
July 31, 2009
Page 2

tortious interference with contractual and business relationships. If any of these proceedings become necessary, in addition to your liability for damages, you will be liable for Community's attorneys' fees and costs.

Finally, having received notice of a claim, Florida law requires you to preserve all relevant documents and files, including those stored electronically. Thus, you are prohibited from destroying any records that potentially relate to the claims referenced herein, including for example, documents reflecting your sales and marketing activities, documents you took from Community, agreements with your current employer and/or business partners, correspondence and e-mails related to your business activities, promotional materials, business plans, advertisements, invoices, receivables, payment histories, and/or financial statements. Destruction of relevant records may result in severe sanctions and/or penalties.

Community is hopeful that you will elect to honor the terms of your Agreement and voluntarily resolve these claims.

Sincerely,

René M. Fix

RMF/rc2
Enclosures

cc:    Thomas Kelly



July 20, 2009

CERTIFIED MAIL # 7000 1670 0006 1706 0861

CONFIDENTIAL

Mr. Michael E. Pafford
507 East Ivan Road
Crawfordville, FL 32327

Dear Mr. Pafford:

It has come to our attention that you may be engaging in coffee service sales activities on behalf of a competitor of Community Coffee Company, including the direct solicitation of Community customers. We wish to remind you of your Non-Competition, Non-Interference, and Confidentiality Agreement with Community, in which you obligated yourself to refrain from engaging in competitive activities in areas in which you previously worked for Community, from soliciting or accepting business from customers of Community, and from disclosing confidential information obtained while employed by Community.

Community hereby demands that you cease, and refrain in the future, from engaging in any and all activities prohibited by your Agreement. It is our preference that you voluntarily cease from violating the commitments you made. Should you fail to do so, we will have no choice but to seek legal action.

Sincerely,


Danny Hebert
Director, Human Resources

cc: Stephen Rose, Attorney

FLORIDA - (M)

## NON-COMPETITION, NON-INTERFERENCE,
## AND CONFIDENTIAL INFORMATION AGREEMENT

This Non-Competition, Non-Interference, and Confidential Information Agreement ("Agreement") is made and entered into between Community Coffee Company, L.L.C., its successors, assigns, affiliate entities, and subsidiaries (collectively referred to as the "COMPANY") and **Michael E. Pafford** (the "EMPLOYEE"):

The parties recognize and agree that the COMPANY has a legitimate interest in protecting its business from loss of customers and/or competitive disadvantage as a result of the activities of EMPLOYEES and former EMPLOYEES who, by virtue of their employment and expenditures by the COMPANY, will acquire knowledge of and/or relationships with the COMPANY's customers, as well as knowledge of internal and confidential processes, procedures, strategies, and other business secrets, all developed at considerable expense over a period of time by COMPANY;

In consideration of EMPLOYEE's employment and/or continued employment with the COMPANY, and the knowledge, experience and information to which employee will have access as a result of such employment, as well as the opportunity to develop personal relationships with the COMPANY's customers and/or employees, EMPLOYEE agrees as follows:

EMPLOYEE agrees that, during EMPLOYEE's employment and for a period of two (2) years immediately following EMPLOYEE's termination of employment with the COMPANY, regardless of the reason for termination, EMPLOYEE will not perform same or similar services or duties as performed while employed by the COMPANY, for or on behalf of any business in competition with the Business of the COMPANY (defined below), in the Protected Area (defined below), so long as the COMPANY carries on its Business therein. EMPLOYEE agrees that, during EMPLOYEE's employment and for a period of two (2) years immediately following EMPLOYEE's

Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 1 of 4

Employee Initials 

termination of employment with COMPANY, regardless of reason of termination, EMPLOYEE will not solicit, suggest, induce, or encourage any customer of the COMPANY to cease doing business with the COMPANY and/or to do business with any competitor of the COMPANY, in the Protected Area (defined below), so long as the COMPANY carries on its Business therein.

EMPLOYEE agrees that, during EMPLOYEE's employment and for a period of two (2) years immediately following EMPLOYEE's termination of employment with the COMPANY, regardless of the reason of termination, EMPLOYEE will not accept, or conduct, or assist in the acceptance, or conducting of, business with any customer of the COMPANY, for or on behalf of any business in competition with the Business of the COMPANY, in the Protected Area (defined below), so long as the COMPANY carries on its Business therein.

The Protected Area which applies to EMPLOYEE in this Agreement is any geographic area or territory wherein the COMPANY has conducted its Business during EMPLOYEE's employment with the COMPANY.

The Business engaged in by the COMPANY is acknowledged by the parties to be: processing, sales, and distributions of coffee; and, commercial coffee and beverage service (servicing and supplying of coffee brewing equipment and coffee and tea products to offices and retail businesses).

EMPLOYEE agrees that, during and subsequent to EMPLOYEE's employment with COMPANY, EMPLOYEE will not solicit, suggest, induce, encourage, or facilitate any employee of the COMPANY from resigning his or her employment with COMPANY and/or accepting employment with another firm. EMPLOYEE agrees that, during and subsequent to EMPLOYEE's employment with COMPANY, EMPLOYEE will not disparage or speak negatively about the products or services of the COMPANY.

Community Coffee Company, L.L.C.
M.Pafford FL Mgt.doc
Page 2 of 4

Employee Initials 

EMPLOYEE agrees that during and subsequent to EMPLOYEE's employment with COMPANY, EMPLOYEE will hold as confidential, and not disclose to other persons or use to the detriment of the COMPANY, whether directly or indirectly, any and all proprietary or confidential knowledge and information acquired in connection with EMPLOYEE's employment, which shall include, but is not limited to, trade secrets, patents, trademarks, service marks, copyrights, work product, customer contacts, customer information, employee information, pricing and other financial information, business strategies, processes, procedures, marketing techniques, business plans, technology, inventions, patented processes, and/or other proprietary or confidential information; and that upon termination of employment, EMPLOYEE shall return to the COMPANY all files, technical data, drawings, memoranda, employee listings, customer listings, pricing and other financial information, business card files, Rolodex, activity calendars, telephone directories, expense records, notes, programs, manuals, electronic data, and other items and papers, and reproductions thereof, relating to the foregoing matters, in EMPLOYEE's possession or under his or her control or which EMPLOYEE has caused or permitted without permission from the COMPANY to become controlled by others. All of the above-described information, documents and material, whether prepared by the EMPLOYEE or otherwise coming into EMPLOYEE's possession, shall be the exclusive property of the COMPANY. The obligations herein are in addition to, and not in lieu of, those arising under any other agreements or applicable law.

In the event EMPLOYEE should breach any term or provision of this Agreement, and the COMPANY employs an attorney to protect its interests therein and obtains injunctive relief and/or a judgment in its favor, then the COMPANY shall be entitled to recover from EMPLOYEE reasonable attorneys' fees, costs of action, and of applicable prejudgment and post-judgment interest at the legal rate of interest.

Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 3 of 4

Employee Initials 

Nothing contained in this Agreement shall be construed as a contract of employment for any particular term. Nothing in this Agreement shall be construed to prohibit either EMPLOYEE or the COMPANY from terminating the employment of EMPLOYEE at any time with or without cause.

If for any reason any provision of this Agreement shall be held invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of this Agreement, and all such other provisions shall to the full extent consistent with law continue in full force and effect. If any such provision shall be held invalid or unenforceable in part, such invalidity or unenforceability shall in no way affect the rest of such provision, which together with all other provisions of this Agreement, shall likewise to the full extent consistent with law continue in full force and effect. If any provision of this Agreement is held to exceed the time or geographic or other scope permitted under applicable law, then if permitted by such applicable law such provision shall be, and hereby is, reformed to the maximum time or geographic or other scope permitted under such applicable law.

EMPLOYEE specifically consents to the assignment of this Agreement by Community Coffee Company, L.L.C., to any successor, purchaser, or related entity of Community Coffee Company, L.L.C.

This Agreement shall be governed by and enforced under and in accordance with the laws of the State of Florida.

Executed by the parties this 18th day of March , 2008 .

COMPANY
By: _____
COMMUNITY COFFEE COMPANY, L.L.C.


EMPLOYEE: _____


Community Coffee Company, L.L.C.
M Pafford FL Mgt.doc
Page 4 of 4

Employee Initials